**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| **MARTHE POH,** *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Case No.: PWG-17-3825 |
| **KIRSTJEN NIELSEN,** *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Marthe Poh filed a Form I-130 Petition for Alien Relative ("I-130 Petition" or "Petition") with U.S. Citizenship and Immigration Services ("USCIS") on April 21, 2016, seeking an I-130 visa for her husband, Plaintiff Emmanuel Tcheukam, who was in removal proceedings at the time and had been in removal proceedings when the couple married. Am. Compl. ¶¶ 12–14, ECF No. 15. After more than a year passed without an adjudication, Plaintiffs filed suit in this Court on December 29, 2017, seeking to compel Defendants Kirstjen Nielsen, Secretary of the Department of Homeland Security ("Secretary"), L. Francis Cissna, Director of USCIS, and Gregory Collett, Director of the Baltimore District Office of USCIS to rule on the I-130 Petition. Compl., ECF No. 1.[1]  USCIS then denied the Petition, finding that Poh failed to show that Tcheukam qualified for the bona fide marriage exemption to the rule that an undocumented spouse could not receive an I-130 visa if he was in removal proceedings at the time of his marriage and

---

[1] Additional Plaintiffs who had filed the original Complaint along with Poh and Tcheukam were deleted from the Amended Complaint and terminated from this action.  *See* Am. Compl.; Docket.

did not thereafter live abroad for two or more years. Plaintiffs amended their complaint to allege that Defendants acted arbitrarily and capriciously and abused their discretion in denying the Petition because, in Plaintiffs' view, they submitted "overwhelming evidence" to support their position that they qualified for the exemption. Am. Compl. ¶¶ 1–3.

Now pending is Defendants' Motion to Dismiss, ECF No. 16, in which they argue that this Court lacks jurisdiction over the action because the determination of whether Plaintiffs could invoke the bona fide marriage exemption was a discretionary determination reserved to the Secretary.[2] This Court does not have jurisdiction to review decisions committed to the discretion of the Secretary, and the determination that Plaintiffs did not qualify for the bona fide marriage exemption was a discretionary one. Therefore, this Court lacks jurisdiction, and I must dismiss this case.

## Standard of Review

When a defendant asserts that "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based," as Defendants do here, "the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a 12(b)(6) consideration." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Thus, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). This Court must act "on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (citations omitted).

---

[2] The parties fully briefed the motion. ECF Nos. 16-1, 22, 25. A hearing is not necessary. *See* Loc. R. 105.6.

**Background**

Tcheukam "is a native and citizen of Cameroon who entered the United States as a visitor on April 11, 2006." Am. Compl. ¶ 11. He remained in the United States longer than authorized, seeking asylum on November 1, 2006. *Id.* On January 11, 2007, he was issued a notice to appear, which began his removal proceedings. *Id.* ¶ 12. As of the filing of the Amended Complaint on July 25, 2018, his removal proceedings remained pending, *see id.*; the parties have not notified the Court of any subsequent action in those proceedings.

Tcheukam and Poh, who is a U.S. citizen, met in about 2010 and, after Tcheukam's divorce from his former wife was finalized in Cameroon, Poh and Tcheukam married on June 15, 2015. *Id.* ¶ 13. Tcheukam's removal proceedings were pending when they met and when they married. *See id.* ¶¶ 12–13.

Poh filed an I-130 Petition on Tcheukam's behalf on April 21, 2016, while he still was in removal proceedings. *Id.* ¶ 14. A I-130 Petition is a means by which a U.S. citizen such as Poh may "petition for immediate relative status on behalf of [her] alien spouse[] so that the alien spouse[] may immigrate to the United States." *Roland v. United States Citizenship & Immigration Servs.*, 850 F.3d 625, 629 (4th Cir. 2017) (citing 8 U.S.C. § 1154(a)(1)(A)(i)); *see also* 8 U.S.C. § 1151(b)(2)(A)(i) (defining "immediate relatives" to include the "children, spouses, and parents" of a U.S. citizen). An undocumented individual who secures "immediate relative status" is not subject to the immigration limits imposed in 8 U.S.C. § 1151(a), *see* 8 U.S.C. § 1151(b)(2)(A)(i), and may apply to adjust his status to "an alien lawfully admitted for permanent residence," 8 U.S.C. § 1255(a).

When more than a year passed without a ruling on the I-130 Petition, Plaintiffs filed a Complaint for a Writ in the Nature of Mandamus to Compel the Defendants to Make a

Determination on the Plaintiffs' Petition[] for Alien Relative on December 27, 2017. Compl. "In response to the mandamus suit, the Defendants scheduled the Plaintiffs for an interview on their I-130 visa petition in the Baltimore Field Office of the USCIS for February 6, 2018 at 9:00 a.m.," at which time "Plaintiffs appeared for the interview and brought additional evidence of the bona fides of their marriage to the interview and gave that evidence to the Defendants." Am. Compl. ¶¶ 17–18. After the interview, Plaintiffs received a Notice of Intent to Deny ("NOID") the Petition "based on a plethora of alleged discrepancies," and they were afforded thirty-three days to respond. *Id.* ¶ 19. They felt that "hardly any of [the discrepancies] were raised at the interview on February 6, 2018." *Id.* They responded with an affidavit and additional documentary evidence, *id.* ¶ 20, but Defendants denied the Petition in a June 6, 2018 denial letter ("Denial Letter"), *id.* ¶ 21.

Plaintiffs then amended their complaint to challenge the denial of the I-130 Petition as a violation of the Administrative Procedure Act, 5 U.S.C. § 702 ("APA"), and to seek declaratory and injunctive relief pursuant to the APA. Am. Compl. ¶¶ 1–2, 26.

**Discussion**

A U.S. citizen may submit an I-130 visa petition to obtain "immediate relief status" for his or her undocumented spouse, "so that the alien spouse[] may immigrate to the United States." *Roland v. United States Citizenship & Immigration Servs.*, 850 F.3d 625, 629 (4th Cir. 2017) (citing 8 U.S.C. § 1154(a)(1)(A)(i)). The petitioner has the burden of proving eligibility by a preponderance of the evidence. *See In re Brantigan*, 11 I. & N. Dec. 493, 493 (BIA), 1966 WL 14282 (1966). Once USCIS approves the petition, the undocumented spouse may apply to adjust his status to "lawfully admitted for permanent residence," 8 U.S.C. § 1255(a), and no longer is subject to the immigration limits imposed in 8 U.S.C. § 1151(a), *see* 8 U.S.C. § 1151(b)(2)(A)(i).

4

If USCIS investigates an I-130 petition and finds that "the facts stated in the petition are true and that the alien on behalf of whom the petition is made is an immediate relative," then it "shall . . . approve the petition." 8 U.S.C. § 1154(b). If the petitioner is the undocumented individual's spouse and married him or her while he or she was in removal proceedings, however, then USCIS cannot approve the petition unless "the alien has resided outside the United States for a 2-year period beginning after the date of the marriage." 8 U.S.C. § 1154(g). Under these circumstances, there is "a statutory presumption that the marriage itself is fraudulent." *Barenboy v. Sec'y, U.S. Dep't of Homeland Sec.*, 411 F. App'x 512, 515 (3d Cir. 2010). It is undisputed that Plaintiffs married while Tcheukam's removal proceedings were pending, bringing the petition within the sphere of § 1154(g).

Plaintiffs sought to have the I-130 Petition approved, notwithstanding § 1154(g), through the bona fide marriage exemption to this rule. The relevant provision provides that the prohibitions of § 1154(g) and § 1255(e)(1)[3]

> shall not apply with respect to a marriage if the alien establishes by clear and convincing evidence *to the satisfaction of the Attorney General*[4] that the marriage was entered into in good faith and in accordance with the laws of the place where the marriage took place and the marriage was not entered into for the purpose of procuring the alien's admission as an immigrant and no fee or other consideration was given (other than a fee or other consideration to an attorney for assistance in preparation of a lawful petition) for the filing of a petition under section 1154(a) of this title . . . with respect to the alien spouse . . . . In accordance with regulations,

---

[3] 8 U.S.C. § 1255(e)(1) prohibits an undocumented individual from qualifying as "lawfully admitted for permanent residence" if the marriage he relies on in his application began while he was in removal proceedings.

[4] While Section 1255 refers to the Attorney General, the authority to approve adjustment of status petitions has been transferred by statute to the Secretary of Homeland Security and the USCIS. 6 U.S.C. § 271(b)(5); *see also Barenboy v. Napolitano*, No. 09-cv-3082, 2010 WL 815285, at *1 n.1 (E.D. Pa. Mar. 1, 2010). Thus, references to the Attorney General "shall be deemed to refer to the Secretary." 6 U.S.C. § 557.

*Mensah v. Riordan*, No. 12-11999-PBS, 2013 WL 12129603, at *8 n.7 (D. Mass. July 26, 2013).

there shall be only one level of administrative appellate review for each alien under
the previous sentence.

8 U.S.C. § 1255(e)(3) (emphasis added). As noted, USCIS did not approve the Petition.

"A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. But, judicial review is limited, insofar as it is unavailable if "statutes preclude judicial review; or [] agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). And, the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*, specifically provides:

> Notwithstanding any other provision of law (statutory or nonstatutory) . . . and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review . . . (ii) any . . . decision or action of the Attorney General or the Secretary of Homeland Security the authority of which is specified under [the INA] to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . .

8 U.S.C. § 1252(a)(2)(B)(ii).[5] The parties agree that the language of § 1154(b) is not discretionary and therefore denials of I-130 petitions typically are subject to judicial review when § 1255(e)(3) does not come into play. *See* Defs.' Mem. 8; Pls.' Opp'n 3. Nonetheless, as Defendants see it, the finding under § 1255(e)(3) that the bona fide marriage exemption did not apply, which formed the basis for the denial of the I-130 Petition, was a matter of agency discretion and therefore unreviewable. *See* Defs.' Mem. 1, 7. Plaintiffs disagree. *See* Pls.' Opp'n 5.

Generally, a court charged with interpreting statutory text must "look to the phrase's 'ordinary, contemporary, common meaning, absent an indication Congress intended' the statute's

---

[5] An exception exists for "review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals . . . ." 8 U.S.C. § 1252(a)(2)(D); *see id.* § 1252(b)(2) ("The petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."). But this is not a court of appeals, and Plaintiffs do not invoke this exception.

6

language 'to bear some different import.'" *United States v. Abdelshafi*, 592 F.3d 602, 607 (4th Cir. 2010) (quoting *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 137 (4th Cir. 2009)); *see United States v. Granados-Alvarado*, 350 F. Supp. 3d 355, 2018 WL 5016610, at *8 (D. Md. 2018) (same). Additionally, the court "cannot adopt a reading of [the statute] that renders part of the statute superfluous over one that gives effect to its 'every clause and word,'" as doing so would violate the "well-established rule against surplusage." *United States v. Simms*, 914 F.3d 229, 241 (4th Cir. 2019) (quoting *United States v. Menasche*, 348 U.S. 528, 538–39 (1955) (quoting *Inhabitants of Montclair Twp. v. Ramsdell*, 107 U.S. 147, 152 (1883)). Thus, to "drain [a] phrase . . . of any effect" would "violat[e] a cardinal rule of statutory construction." *Id.*

The phrase "to the satisfaction of" appears in the Oxford English Dictionary under the definition of satisfaction "[w]ith reference to desires or feelings" (as opposed to the definition of satisfaction "[w]ith reference to obligations"); the definition is: "The action of gratifying (an appetite or desire) to the full, or of contenting (a person) by the complete fulfillment of a desire or supply of a want; the fact of having been gratified to the full or having one's desire fulfilled." *See* http://www.oed.com/view/Entry/171223?redirectedFrom_satisfaction#eid. In the Merriam-Webster Dictionary, the phrase appears under the fourth definition of satisfaction, "convinced assurance or certainty," and the example given is "proved to the *satisfaction* of the court." *See* https://www.merriam-webster.com/dictionary/satisfaction. These ordinary meanings suggest that "to the satisfaction of" is a subjective, or discretionary, concept.

Defendants contend that "to the satisfaction of" means that the determination is discretionary, and they cite case law in support, although none of it is controlling authority. Defs.' Mem. 1, 7. Plaintiffs acknowledge that Defendants have cited "three federal court decisions [in other jurisdiction] that have held the USCIS decision regarding a bona fide marriage request in

7

connection with an I-130 is discretionary and therefore exempt from review under the APA," as well as "several instances in the Immigration and Naturalization Act ('INA') that use the term 'satisfaction' and have been deemed discretionary [including within the Fourth Circuit]."  Pls.' Opp'n 4–5.  And, Plaintiffs do not identify any "'indication Congress intended' the statute's language 'to bear some different import.'" *See Abdelshafi*, 592 F.3d at 607 (quoting *Stephens ex rel. R.E.*, 565 F.3d at 137).

Nonetheless, Plaintiffs counter that the language at issue is "surplusage because [§ 1255(e)(3)] does not change how USCIS adjudicates I-130 applications," other than increasing the burden of proof.  Pls.' Opp'n 6.  They insist that neither the relevant provisions of the USCIS Field Adjudicator's Manual nor the relevant regulation, 8 C.F.R. § 245.1(c)(9)(iii)(F), "mention[s] that the adjudication of a bona fide marriage exemption request is a discretionary decision."  Pls.' Opp'n 5.  This may be so, "[b]ut it is up to Congress, not the Attorney General or the Secretary of DHS, to establish the subject-matter jurisdiction of the federal district courts, *see Bowles v. Russell*, 551 U.S. 205, 212-13 (2007), a task it performs in the ordinary way: by enacting statutes."  *Dilone v. Nielsen*, No. PWG-18-1018, --- F. Supp. 3d ----, 2019 WL 418422, at *5 (D. Md. Feb. 1, 2019).

Plaintiffs also note that the Ninth Circuit has held that federal courts may review agency decisions that are not "specified to be entirely discretionary" when the agency's "exercise of discretion is guided by the application of legal standards to the facts in question."  Pls.' Opp'n 6–7 (citing *Nakamoto v. Ashcroft*, 363 F.3d 874, 879–81 (9th Cir. 2004)).  In *Nakamoto*, the court held that such reviewable decisions include "a determination of marriage fraud pursuant to 8 U.S.C. § 1227(a)(1)(G)," a statute that "contains the language 'to the satisfaction of the Attorney General.'" *Id.* (citing *Nakamoto*, 363 F.3d at 879–81).  Yet Plaintiffs concede that "[o]nly the Ninth

Circuit" has reached this conclusion, and the Ninth Circuit "has not reached the issue presented here." *Id.* at 7.

Neither party has identified any controlling authority that is on point. But, other courts have concluded that federal courts lack jurisdiction to review a decision on the applicability of the bona fide marriage exemption because such a decision is discretionary. For example, in *Barenboy v. Secretary, U.S. Department of Homeland Security*, a persuasive ruling from the Third Circuit, U.S. citizen Alla Barenboy had filed two I-130 petitions on behalf of her husband Armen Danielyan, who had overstayed his visa and been in removal proceedings when they married. 411 F. App'x 512, 513–14 (3d Cir. 2010). USCIS considered evidence that Danielyan had been married in his native country of Armenia and still was married when he married Barenboy; it also considered Danielyan's own statement and other evidence that, while he had cohabited with a woman in Armenia and had two children with her, they had never married. *Id.* USCIS found that Danielyan had been married in Armenia and still was married, such that his marriage to Barenboy was not bona fide and he did not overcome to presumption of marriage fraud. *Id.* at 514–15. The Third Circuit affirmed the district court's conclusion that it lacked jurisdiction to review that finding because "[p]ursuant to § 1252(a)(2)(B)(ii), the District Court lacked jurisdiction to review such discretionary determinations." *Id.* at 516 (citing *Sukwanputra v. Gonzales*, 434 F.3d 627, 635 (3d Cir. 2006)).

In *Maldonado v. Holder*, another informative decision, the United States District Court for the District of Connecticut considered "whether the Attorney General's decision to deny an I–130 petition which is based on a determination under the bona fide marriage exemption (§ 1255(e)(3)) is a decision or action specified by the statute to be in the discretion of the Attorney General (under § 1252(a)(2)(B)(ii))." No. 13-CV-492 JBA, 2015 WL 1097364, at *3 (D. Conn. Mar. 11, 2015).

9

The court noted that in *Ruiz v. Mukasey,* 552 F.3d 269, 275 (2d Cir. 2009), the Second Circuit had held that the denial of an I-130 petition based on § 1154(g) "is generally not the type of discretionary decision falling under § 1252(a)(2)(B)(ii)," but the appellate court did not "have reason to, and thus did not, consider the text of § 1255(e)(3)." *Maldonado*, 2015 WL 1097364, at *3. The district court nonetheless was informed by the Second Circuit's observation that "§ 1154(g) does not include language such as 'in the discretion of the Attorney General' or '*to the satisfaction of the Attorney General,' which would have precluded judicial review*." *Id.* (quoting *Ruiz*, 552 F.3d at 275) (emphasis added). The district court concluded that "decisions under § 1255(e)(3) are clearly discretionary," and therefore "the Court [wa]s foreclosed by § 1252(a)(2)(B)(ii) from reviewing Defendants' denial of Plaintiffs' I–130 petition," *id.* at *4, reasoning that § 1255(e)(3), "unlike § 1154(g), requires a petitioner to make a showing 'to the satisfaction of the Attorney General,' using language the Second Circuit specifically identified in *Ruiz* as indicative of discretion." *Id.*

*Mensah v. Riordan*, No. 12-11999-PBS, 2013 WL 12129603 (D. Mass. July 26, 2013), also provides guidance. There, Ms. Mensah's I-130 petition on behalf of Mr. Mensah was denied because (1) USCIS found that he previously had entered into a fraudulent marriage to obtain a visa, *id.* at *1–2 and, in any event, (2) the petition did not establish by clear and convincing evidence that the Mensahs, who married while Mr. Mensah was in removal proceedings, were "entitled to [the] 'bona fide marriage exception' to the restrictions of 8 U.S.C. § 1154(g)," *id.* at *8. The Mensahs challenged both determinations in federal court, and, regarding the first determination, the United States District Court for the District of Massachusetts found that "there was a rational basis for the agency's finding of marriage fraud." *Id.* at *7–8. As for the second determination, the court concluded that it lacked jurisdiction to review it. *Id.* at *8. It reasoned

10

that "[t]he language 'to the satisfaction of the Attorney General' leaves the decision on a bona fide marriage exception to the agency's discretion and renders the decision unreviewable by this Court." *Id.* (citing *Caso-Giraldo v. U.S. Att'y Gen.*, 400 F. App'x 513, 516 (11th Cir. 2010); *Barenboy*, 411 F. App'x at 515).

And, more generally, circuit courts other than the Fourth Circuit have concluded that, when a party must prove its position "to the satisfaction of the Attorney General," then the agency's decision is discretionary. *E.g.*, *Junming Ouyang v. Sessions*, 685 F. App'x 47, 48–49 (2d Cir. 2017) (observing that the Second Circuit previously held that "[t]he plain language of [8 U.S.C. § 1158(a)(2)(D)] specifically provides that 'changed' or 'extraordinary' circumstances must be established '*to the satisfaction of the Attorney General*,'—language that 'clearly entrusts the decision to the Attorney General's discretion,'" and concluding that BIA's determination that petitioner "failed to establish extraordinary circumstances" was a "discretionary finding" that Second Circuit lacked jurisdiction to review; quoting *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 154 (internal citations omitted), *amended in part on reh'g on other grounds*, 471 F.3d 315 (2d Cir. 2006)); *Pheng Kuang Na v. Att'y Gen. United States of Am.*, 665 F. App'x 178, 180 (3d Cir. 2016) (concluding that, where the immigration statute providing an exception to the deadline for an asylum application, 8 U.S.C. § 1158(a)(2)(D), required the petitioner to make his showing "'to the satisfaction of the Attorney General,' . . . this 'satisfaction' language 'implies that the Attorney General's determination entails an exercise of discretion'" (quoting *Sukwanputra v. Gonzales*, 434 F.3d 627, 635 (3d Cir. 2006)); *Vasile v. Gonzales*, 417 F.3d 766, 768 (7th Cir. 2005) ("INA § 208(a)(2)(D) states that '[a]n application for asylum of an alien may be considered . . . if the alien demonstrates *to the satisfaction* of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or

11

extraordinary circumstances relating to the delay in filing an application within the [one-year] period.' *Id.* (emphasis added). Permissive language that refers to demonstrating something to the agency's 'satisfaction' is inherently discretionary.").

In sum, giving the phrase "to the satisfaction of" its ordinary meaning and reading the statute so that the phrase is not superfluous, *see Abdelshafi*, 592 F.3d at 607; *Simms*, 914 F.3d at 241, I agree with these prior decisions that, when facts are established "to the satisfaction of the Attorney General," the resulting decision is discretionary. *See Junming Ouyang*, 685 F. App'x at 48–49; *Pheng Kuang Na*, 665 F. App'x at 180; *Barenboy*, 411 F. App'x at 513–14; *Vasile*, 417 F.3d at 768; *Maldonado*, 2015 WL 1097364, at *3; *Mensah*, 2013 WL 12129603, at *8. Thus, decisions under § 1255(e)(3) are discretionary and not reviewable in this Court. *See* 5 U.S.C. § 701(a); 8 U.S.C. § 1252(a)(2)(B)(ii). I will grant Defendants' Motion, ECF No. 16, and dismiss this case for lack of jurisdiction.[6]

**ORDER**

Because this Court lacks jurisdiction, as explained above, it is, this 1st day of March, 2019 hereby ORDERED that

1. Defendants' Motion to Dismiss, ECF No. 16, IS GRANTED;

---

[6] Plaintiffs argue in the alternative that, even "[i]f this Court finds that the USCIS decision regarding a bona fide marriage exemption request in connection with an I-130 is a discretionary decision and thus exempt from APA review, . . . this Court still has jurisdiction under the APA to review the part of the USCIS decision that was separate from the bona fide marriage exemption request," that is, the "decision that the Plaintiff Tcheukam's divorce from his first wife was not valid under Cameroonian law and thus his marriage to the Plaintiff Poh was not valid since he was not legally divorced." Pls.' Opp'n 8, 9. But, having concluded that the Court cannot review the determination that Tcheukam did not qualify for the bona fide marriage exemption, the Court cannot set aside USCIS's decision and approve the I-130 Petition, even if it finds that Tcheukam was divorced. Therefore, Plaintiffs do not have standing to bring this challenge because it is not "likely . . . that the injury will be redressed by a favorable decision," one of the requirements for standing. *See Zaycer v. Sturm Foods, Inc.*, 896 F. Supp. 2d 399, 408 (D. Md. 2012) (quoting *Bishop v. Bartlett,* 575 F.3d 419, 423 (4th Cir. 2009)).

2. This case IS DIMISSED for lack of jurisdiction; and

3. The Clerk SHALL CLOSE this case.

/S/
Paul W. Grimm
United States District Judge